## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK SHANKLIN,** | : | **CIVIL ACTION NO. 1:14-CV-973** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **HARRELL WATTS**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 5th day of June, 2015, upon consideration of the report
(Doc. 42) of Chief Magistrate Judge Martin C. Carlson, recommending the court
grant defendants' motion (Doc. 30) to dismiss plaintiff's *pro se* amended complaint
(Doc. 7) for failure to prosecute this action, <u>see</u> Fed. R. Civ. P. 41(b) (permitting
court to dismiss lawsuit if "the plaintiff fails to prosecute or to comply with these
rules or a court order"), and failure to oppose defendants' motion, <u>see</u> L.R. 7.6 ("Any
party who fails [to timely file a brief in opposition] shall be deemed not to oppose
such motion."), and also on the merits, and following an independent review of the
record, the court in agreement with the magistrate judge that plaintiff's claims are
time-barred by the applicable statute of limitations and meritless for impermissible
reliance on a *respondeat superior* theory of constitutional liability, (<u>see</u> Doc. 42 at 13-
22), and that granting further leave to amend would be futile and result in unjust
delay, <u>see</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002) (holding
that district courts must liberally grant leave to amend "unless amendment would
be inequitable or futile"), and it appearing that neither party has objected to the

report, and that there is no clear error on the face of the record,[1] see Nara v. Frank,

488 F.3d 187, 194 (3d Cir. 2007) (explaining that the failure to timely object "may

result in forfeiture of *de novo* review at the district court level"), it is hereby

ORDERED that:

    1.    The report (Doc. 42) of Chief Magistrate Judge Carlson is ADOPTED.

    2.    Defendants' motion (Doc. 30) to dismiss plaintiff's amended complaint (Doc. 7) is GRANTED.

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it.  See Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record").  The court reviews the Magistrate Judge's report in according with this Third Circuit directive.

3.      Plaintiff's complaint (Doc. 7) is DISMISSED with prejudice.

4.      The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania